**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| CALVIN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-00005-JSD |
| ) | |
| MOBERLY CORRECTIONAL CENTER, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of Plaintiff Calvin Williams (Missouri prison registration number 41268) for leave to commence this civil action *in forma pauperis*, or without prepayment of fees and costs.  ECF No. 4.  While incarcerated, Plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim.  Accordingly, for the reasons discussed below, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss Plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint.  *See* 28 U.S.C. § 1915(g).  Plaintiff's other pending motions will be denied as moot.

**Background**

This case was initiated after Plaintiff filed a letter with the Court indicating his intent to file a civil rights action under 42 U.S.C. § 1983.  ECF No. 1.  On January 23, 2025, the Court directed Plaintiff to file an amended complaint on a Court-provided form, because a letter is a defective means of commencing a civil action.  ECF No. 2 at 1.  In that same Order, Plaintiff was also told to file an application to proceed without prepaying fees and costs, or to pay the full filing fee.  *Id.*  However, the Court noted that Plaintiff is a prisoner subject to the "three-strikes" rule, 28

U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status. *Id.* (citing *Williams v. Morrison*, No. 2:23-cv-60-PLC, ECF No. 8 & 14 (E.D. Mo. dismissed Feb. 29, 2024)). As such, the Court warned Plaintiff that he could only proceed *in forma pauperis* in this matter if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**Plaintiff's Filings**

Plaintiff filed an amended complaint on February 13, 2025, alleging that employees of Moberly Correctional Center—where Plaintiff is incarcerated as a convicted and sentenced state prisoner—have violated his procedural due process rights by confiscating his personal property without providing a "property confiscation removal form." ECF No. 5 at 1-4. Plaintiff's allegations stem from a July 31, 2024, incident where his housing unit, including his cell, were searched for contraband. *Id.* at 3. During the search, some of Plaintiff's cell contents were destroyed and some were confiscated. Overall, the search left Plaintiff's cell in an "unlivable inhumane condition." *Id.* at 4-5. In terms of injuries, Plaintiff states that he did not sustain any "medical injuries that required needed medical attention." *Id.* at 5.

Along with his amended complaint, Plaintiff filed a motion for preliminary injunction. ECF No. 6. In that motion, Plaintiff requests that the Court issue an Order "directing prison officials to make changes in the prison conditions, and to stop the illegal on-going conduct of taken, confiscation, and removing offender personal possession out of their control." *Id.* at 2. Plaintiff seeks a preliminary injunction so that Moberly employees do not seek to retaliate against him "while this Court is considering [his] case."[1] *Id.* at 5. Plaintiff attached related grievance filings to his motion. ECF Nos. 6-2 through 6-7.

---

[1] Plaintiff's motion also details totally unrelated assertions regarding his dental care and high blood pressure. *See* ECF No. 6 at 5-6. Because these allegations have no bearing on the claim of the amended complaint concerning personal property confiscation, they will not be discussed.

- 2 -

**Legal Standards**

Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he or she has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

But, pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.* A plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury;" conclusory assertions of ongoing danger are insufficient. *Martin*, 319 F.3d at 1050.

**Discussion**

A review of Court files reveals that Plaintiff has accumulated three strikes.[2] This should be no surprise to him as he has already had multiple cases dismissed due to the three strikes rule. *See Williams v. Tretham*, No. 6:07-cv-03014-ODS (W.D. Mo. filed Jan. 5, 2007) (dismissed Jan. 25, 2007, under 28 U.S.C. § 1915(g)); *Williams v. Morrisons*, No. 2:23-cv-00060-PLC (E.D. Mo. filed Nov. 1, 2023) (dismissed Feb. 29, 2024, under 28 U.S.C. § 1915(g)). Plaintiff acknowledges his status as a three-striker on his amended complaint. ECF No. 5 at 9. As such, under 28 U.S.C. § 1915(g), Plaintiff is not allowed to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is applicable.

Based on the allegations of the amended complaint, Plaintiff is not currently in imminent danger of serious physical injury, nor does he assert as much. He complains about an incident that occurred in the past – July 2024—and admits that he suffered no "medical" injuries. Nothing in the complaint constitutes imminent danger of serious physical injury at the time of case filing. *See Martin*, 319 F.3d at 1050-51 (requisite imminent danger of serious physical injury must exist at time complaint or appeal is filed); *Ashley*, 147 F.3d at 717 (allegations that the prisoner may have faced imminent danger in the past are insufficient to trigger the imminent danger exception to § 1915(g)). Furthermore, the amended complaint contains no allegations of ongoing injury because of the July 2024 incident. Nor does it allege that Plaintiff suffered any long-lasting detrimental effects as a result of the incident. Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him.

---

[2] *See Williams v. Hartley*, No. 6:03-cv-03024-RED (W.D. Mo. filed Jan. 16, 2003) (dismissed Mar. 18, 2003 for failure to state a claim); *Williams v. Manthey*, No. 6:05-cv-03083-ODS (W.D. Mo. filed Feb. 28, 2005) (dismissed Mar. 30, 2005 under *Heck v. Humphrey*, 512 U.S. 477 (1994)); and *Williams v. Watson*, No. 6:05-cv-03165-ODS (W.D. Mo. filed Apr. 20, 2005) (dismissed June 17, 2005 for failure to state a claim).

**Conclusion**

Therefore, the Court will deny Plaintiff's motion to proceed *in forma pauperis* and will dismiss this action, without prejudice, subject to Plaintiff refiling as a fully paid complaint. *See Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012) ("If a prisoner is ineligible to proceed under § 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to Plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction [ECF No. 6] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time to File Inmate Account Statement [ECF No. 8] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 26th day of February, 2025.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE